**VICTORIA L. FRANCIS**
**MARK STEGER SMITH**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**2601 2nd Ave. N., Suite 3200**
**Billings, MT 59101**
**Phone: (406) 247- 4633**
**FAX: (406) 657- 6058**
**Email:   victoria.francis@usdoj.gov**
**                mark.smith3@usdoj.gov**

**ALLEN GREENBERG**
**U.S. Department of Justice**
**Environmental Defense Section**
**999 18th Street, Suite 370**
**Denver, CO   80202**
**Phone: (303) 844-1366**
**Email:   alan.greenberg@usdoj.gov**

**ATTORNEYS FOR FEDERAL DEFENDANTS/USA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| **SAVE OUR CABINETS, EARTHWORKS, and CLARK FORK COALITION,** <br><br> Plaintiffs, <br> vs. <br><br> **UNITED STATES DEPARTMENT OF AGRICULTURE, U.S. FOREST SERVICE, and CHRISTOPHER S. SAVAGE,** <br><br> Defendants. <br> and <br><br> **MONTANORE MINERALS CORPORATION,** <br><br> Defendant-Intervenor. | **CV 16-53-M-DWM** <br> **CV 16-56-M-DWM** <br><br> **RESPONSE TO PLAINTIFFS' JOINT MOTION TO VACATE AND FOR ENTRY OF JUDGMENT** |

1

**LIBBY PLACER MINING COMPANY,**

            **Plaintiff,**

    **vs.**

**UNITED STATES DEPARTMENT OF AGRICULTURE, U.S. FOREST SERVICE, and CHRISTOPHER S. SAVAGE, in his official capacity as Forest Supervisor of the Kootenai National Forest,**

            **Defendants.**

## INTRODUCTION

On May 30, 2017, this Court issued a comprehensive Opinion and Order on the Forest Service's (USFS) approval of the Montanore mine Plan of Operation, granting summary judgment to USFS on some issues and to Plaintiffs on others. Doc. 69.   Plaintiffs now move for an order entering final judgment pursuant to Fed. R. Civ. P. 58 and for an order specifically vacating / setting aside the agency action at issue, which they interpret to include the Joint Final Environmental Impact Statement (JFEIS).   Doc. 70, 71.

Federal Defendants do not oppose entry of final judgment consistent with the Court's May 30th Opinion and Order.   Federal Defendants submit that Plaintiff has not demonstrated that this Court should, in its equitable discretion, order

vacatur of the agency action – i.e., the February 12, 2016 Record of Decision ("ROD") for the Montanore Mine Project.   The matter has been remanded to USFS for further consideration consistent with the Court's Opinion and Order. Additional judicial intervention, including the affirmative vacatur of the JFEIS pursuant to the National Environmental Policy Act ("NEPA") would be improper and unnecessary.

## ARGUMENT

### A. The United States does not oppose entry of judgment consistent with the Court's order.

Plaintiffs seek an order entering final judgment pursuant to FRCP 58. Docs. 70-71.   Federal Defendants do not oppose entry of judgment consistent with the Court's Opinion and Order (Doc. 69).

Federal Defendants do not believe entry of judgment is necessary to prevent the agency's approval of the Montanore Plan of Operations, or project implementation.   As the government advised Plaintiffs' counsel during the L.R. 7.1 consultation for this motion, the Court's Opinion prevents implementation of the ROD.   Doc 69 at 64 (remanding for review).   The Court's Opinion invalidated the agency action, despite the fact that it did not specifically use the words "set aside and remand".   See *Ilo'ulaokalani Coalition v. Rumsfeld*, 464 F.3d 1083, 1102 (9th Cir. 2006).   Without a ROD extant, USFS cannot proceed

with approval of the Montanore Plan of Operations.   See, e.g., 40 C.F.R. § 1506.1

(federal agencies prohibited from carrying out proposed major federal actions prior

to issuance of a ROD).   Therefore, even in lieu of a final judgment, Plaintiffs'

interests will not be harmed.

### B. Vacatur.

Vacatur is a form of equitable relief, and courts are not mechanically

obligated to vacate or "set aside" agency decisions that they find invalid.   As the

Ninth Circuit explained in *Nat'l Wildlife Fed'n v. Espy*:

> Although the district court has power to do so, it is <u>not required to set aside</u>
> <u>every unlawful agency action</u>. The court's decision to grant or deny
> injunctive or declaratory relief under the APA is controlled by principles of
> equity.

45 F.3d 1337, 1343 (9th Cir. 1995) (emphasis added).   Indeed, courts in APA

cases have often opted to leave invalid agency actions in place during remand.

See, e.g., *W. Oil & Gas Ass'n v. EPA*, 633 F.2d 803, 813 (9th Cir. 1980); *Idaho*

*Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1405 (9th Cir. 1995); *Pacific Rivers*

*Council v. U.S. Forest Serv*., 942 F. Supp. 2d 1014 (E.D. Cal. 2013).

In determining whether, and to what extent, vacatur is appropriate, courts

consider both the seriousness of the agency's errors and the disruptive effects of

the vacatur (i.e., "the disruptive consequences of an interim change that may itself

be changed").   *California Communities Against Toxics*, 688 F.3d at 992.   Where

4

vacatur is warranted, it must be narrowly tailored—like any equitable remedy—to "be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). *See also Lemon v. Kurtzman*, 411 U.S. 192, 200 (1973) ("[E]quitable remedies are a special blend of what is necessary, what is fair, and what is workable.").

In this case, as explained below, Plaintiffs have not demonstrated that vacatur of the ROD would be consistent with the above principles.   The JFEIS is not eligible for vacatur, and such relief would be improper.

> 1. Plaintiffs do not demonstrate that the ROD needs to be vacated.

The baseline prerequisite for vacatur is that it be necessary to afford the plaintiff some relief. *Califano*, 442 U.S. at 702.   Here, vacatur would be superfluous because, as noted above, the agency action has already been rendered non-final by the Court's Opinion and Order.   Plaintiffs advance no credible argument to undermine this analysis.   Accordingly, vacatur of the ROD is not necessary, and the Court should exercise its discretion to deny such relief.

> 2. Vacatur of the JFEIS would be improper.

Plaintiffs ask that the Court vacate the JFEIS, but such a result is incompatible with administrative law.   First, the JFEIS is not a decision document or a "final agency action" amenable to review under the APA.   Under the APA,

judicial review is limited to "final agency action." 5 U.S.C. § 704.   Agency action

is "final" under the APA if the action marks "the 'consummation' of the agency's

decision making process" and if the action determines legal rights or obligations.

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal citations omitted).   In the

context of NEPA, the consummation of the decision-making process—and thus the

final agency action—is issuance of a ROD selecting one of the courses of action

analyzed in the EIS.   See, e.g., *Or. Natural Desert Ass'n v. Bureau of Land Mgmt.*,

625 F. 3d 1092, 1118 (9th Cir. 2010); 40 C.F.R. § 1505.2(a) (The ROD "[s]tates

what the decision was.").   The EIS – in this case the JFEIS – itself does not

authorize any particular action and is not subject to judicial review until a ROD has

been issued.   *Sierra Club v. U.S. Dept' of Energy*, 825 F. Supp. 2d 142, 156-57

(D.D.C. 2011).   The Court's order invalidating a decision and remanding that

decision to the agency renders an FEIS inchoate, at least until the agency issues a

new decision based on that FEIS.   The Order this Court already issued therefore

provides Plaintiffs all the relief to which they are entitled.

Second, vacatur of the JFEIS is incompatible with the equitable factors

governing such relief.   As noted above, Plaintiffs' would-be injuries are fully

remedied by the Court's Opinion and Order remanding to the agency.   The

Court's existing Order prevents approval of the Plan of Operations and thereby

prevents development of the Montanore mine, precluding all potential

environmental harms until a new decision is issued.

By contrast, vacating the entire JFEIS would be vastly overbroad.   The

Court's Opinion and Order identified a single NEPA deficiency: Failure to

consider mitigation specific to potential groundwater drawdown from pumpback

wells at the Poorman site.   Opinion at 59-60.   Measured against the broad sweep

and myriad data points of the massive JFEIS, this defect is discrete and relatively

minor – it certainly does not justify vacatur of the entire JFEIS.   Although the

discussion of mitigation measures in the JFEIS may not have been sufficient to

support the selection of the Poorman site as identified in the ROD, that does not

mean the JFEIS is irredeemably flawed, or inadequate to support some other

action.

USFS has several possible approaches for addressing the identified NEPA

error: It could stick with the plan of using the Poorman site and pumpback wells,

but supplement the existing JFEIS with new or extended mitigation for those wells.

USFSF could also propose a new decision that does not involve pumpback wells,

or one that does not involve the Poorman site at all.   The Court did not find the

JFEIS wholly inadequate for all possible purposes, and given the variety of

potential solutions to the deficiency identified in the Opinion and Order, vacatur of

S:\civil\2016v00058\USA Resp to Ps mot vacate and for judgment FINAL1.docx

that document would be overly broad, and significantly disruptive.   *California*

*Communities Against Toxics*, 688 F.3d at 992.

Ⅰ In contrast to Plaintiffs' lack of injury, vacating the JFEIS would disrupt

future agency decision-making and improperly involve the Court in determining

how USFS is to comply with the law in the future.   If the JFEIS is vacated, USFS

would be obligated to prepare a new JFEIS rather than using its judgment on how

to proceed.   The decision of whether to supplement the JFEIS, to change the

action, or to change the location, is one USFS should have the discretion to make

for itself.   The Supreme Court has made clear that a court is not "to substitute its

judgment for that of the agency" by dictating how the agency should comply with

the law in the future.   *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402,

416 (1971).

Ⅰ Vacatur of the JFEIS is unnecessary to accord Plaintiffs all the relief to

which they are entitled.   Consistent with the court's findings and conclusions,

USFS should be free to fashion a course of action it deems most appropriate.

Accordingly, to the extent Plaintiffs' motion seeks to set aside or vacate the JFEIS,

their requested relief is overbroad, contrary to the Court's findings and

conclusions, and should be denied.

**DATED** 19th day of June, 2017.

LEIF M. JOHNSON
Acting United States Attorney


/s/ MARK STEGER SMITH
Assistant U.S. Attorney

Victoria L. Francis
Assistant U.S. Attorney

Allen Greenberg
U.S. Department of Justice
Environmental Defense Section

Attorneys for Federal Defendants/USA

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 1472 words, excluding the caption and certificates of service and compliance.

**DATED** this 19th day of June, 2017.

LEIF M. JOHNSON
Acting United States Attorney


/s/ MARK STEGER SMITH
Assistant U.S. Attorney

Victoria L. Francis
Assistant U.S. Attorney

Allen Greenberg
U.S. Department of Justice
Environmental Defense Section

Attorneys for Federal Defendants/USA

S:\civil\2016v00058\USA Resp to Ps mot vacate and for judgment FINAL1.docx